**Petition of MAUDERLI.**

No. 199.

United States District Court
N. D. Florida, Gainesville Division.
June 28, 1954.

---

242

Jesse D. Edwards, Jr., Naturalization Examiner, U. S. Immigration Service, Jacksonville, Fla., for the Government.

Sam T. Dell, Jr., Gainesville, Fla., for petitioner.

DE VANE, Chief Judge.

Petitioner, a National of Switzerland, lawfully entered the United States for permanent residence on March 27, 1942. He entered the United States through the State of Washington from Canada where he had resided for eleven and one-half years. His destination was Philadelphia, Pa., where he had accepted a teaching position at the University of Pennsylvania with the view in addition of securing a Ph.D. degree from that institution. He had no knowledge of the Selective Training and Service Act of 1940 until after his arrival in San Francisco, California, where he learned about it and promptly registered.

He was shortly thereafter directed to report to the Long Beach, Calif., draft board for induction. When he reported to this board he claimed exemption from military service on the ground he was a member of the Reserve of the Swiss Army. When he got nowhere with this claim he then filed Form DSS 301 claiming and was granted exemption from military service under the Treaty of Friendship and Commerce between the United States and Switzerland, dated November 25, 1850, 11 Stat. 587.

When petitioner registered with the draft board in San Francisco he advised this board that his permanent address would be Philadelphia, Pa., and he was then notified that his draft papers would be sent to the local draft board at Bryn Mawr, Pa., and directed to furnish his Pennsylvania permanent address to this board.

On his way to Pennsylvania petitioner called upon the Swiss Legation in Washington, D. C., for advice concerning his efforts to secure exemption from military service in the United States. When he advised the Swiss Legation that he had filed Form DSS 301 with the draft board at Long Beach, Calif., he was instructed to withdraw this form and to file a revised DSS 301, eliminating therefrom the provisions to the effect that making the claim for exemption disqualified him for American citizenship.

The petitioner made an effort to withdraw the original DSS 301 filed with the draft board, but was unsuccessful in doing so, however, he promptly filed an amended DSS 301 in accordance with the instructions received from the Swiss Legation. As the result of these acts on the part of petitioner he secured exemption from military service all during the Second World War and thereafter to date.

The question before the court is whether petitioner is eligible for citizenship under the general provisions of the Immigration and Nationality Act of June 27, 1952, 66 Stat. 163, 8 U.S.C.A. § 1101 et seq.

The Immigration and Naturalization Service contends that petitioner is ineligible for citizenship under the provisions of Sec. 315 of the Immigration and Nationality Act of 1952 and Sec. 3(a) of the Selective Service and Training Act of 1940, 54 Stat. 885.

Petitioner contends that under authority of Moser v. U. S., 341 U.S. 41, 71 S. Ct. 553, 95 L.Ed. 729, neither the prohibition contained in the Immigration and Nationality Act nor in the Selective Training and Service Act of 1940, supra, are applicable in his case, for the reason Form DSS 301 was filed under a misapprehension of the full force and effect

of Sec. 3(a) of the Selective Training and Service Act of 1940.

The Selective Training and Service Act of 1940 contained a proviso which has been, in substance, incorporated in all subsequent amendments to this Act and which is now to be found in the Universal Military Training and Service Act of June 24, 1948, 62 Stat. 604, 50 U.S.C.A.Appendix, § 454, to the effect that any male alien (with exceptions not important here) residing in the United States, who claims exemptions from military service because he is a citizen or subject of a neutral country shall be relieved from such service, but "shall thereafter be debarred from becoming a citizen of the United States".

The prohibition against becoming a citizen of the United States upon such a claim was found only in the Selective Training and Service Act of 1940 and subsequent Acts of a similar nature, until Congress passed the Immigration and Nationality Act of 1952. In other words, all steps taken by petitioner and by the Swiss Legation to secure petitioner's exemption from military service was in conformity with what the Legation had done for other Nationals which was subsequently held by the Supreme Court of the United States, in Moser v. U. S., not to debar the alien from citizenship despite the prohibition contained in the Selective Training and Service Act of 1940, as amended.

There is some difference in the case before the court here and the Moser case. Moser never filed Form DSS 301 until the Swiss Legation had cleared his right to do so with the State Department. In this case petitioner went ahead and filed Form DSS 301 without consulting the Swiss Legation and it was only after he was advised of his error that he attempted to withdraw the original filing and substitute therefor a revised DSS 301, which he was denied the right to do. This distinction, in itself, may be enough to make Moser v. U. S. not controlling here. In the opinion of this court, however, the Moser decision has now been superseded by Sec. 315 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1426. This Section specifically provides:

"(a) Notwithstanding the provisions of section 405(b), any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States.

"(b) The records of the Selective Service System or of the National Military Establishment shall be conclusive as to whether an alien was relieved or discharged from such liability for training or service because he was an alien."

Petitioner cites and relies upon Petition of Berini, D.C., 112 F.Supp. 837, as authority to the effect that the above-quoted section is not applicable here. I disagree with the holding in the Berini Case. In my opinion the section is applicable and controlling. The section is also definitely retroactive and therefore would encompass any prohibited action of petitioner in seeking exemption from military service prior to the effective date of the Immigration and Nationality Act. The intent of Congress by the adoption of this section and the language of Sec. 315 are so clear that there is no need to labor the point.

The court finds and holds that notwithstanding the fact this petitioner committed all the acts that debar him from naturalization prior to the passage of the Immigration and Nationality Act of 1952, this Act takes from petitioner the sacred right of American citizenship.

An order will be entered herein in conformity with this Memorandum Decision.