In re Petition for NATURALIZATION of Annibale CUOZZO

United States of America, Appellant.

No. 11841.

United States Court of Appeals Third Circuit.

Argued June 7, 1956.

Decided June 26, 1956.

G. Clinton Fogwell, Jr., Asst. U. S. Atty., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Philadelphia, Pa., on the brief), for plaintiff, appellant.

Filindo B. Masino, Philadelphia, Pa., for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

GOODRICH, *Circuit Judge.*

The United States appeals from an order granting citizenship to the Appellee, Annibale Cuozzo. Cuozzo is a citizen of Italy. He came here August 10, 1948. In September 1948 pursuant to the Selective Service Act of 1948, c. 625, 62 Stat. 604, 50 U.S.C.A.Appendix, § 451 et seq., he registered and was subsequently classified "1–A." On December 14, 1950, he executed and filed with the local draft board the Selective Service System form number 130. This form contains a paragraph as follows:

"I hereby apply for relief from liability for training and service in the armed forces of the United States. I have read the NOTICE given below, and I understand that I will forever lose my right to become a citizen of the United States, and I may also be prohibited from entry into the United States or its territories or possessions as a result of filing this application."

Following the filing of this form Cuozzo was classified "4–C" (exemption from military service because of alienage.)

Subsequently the Selective Service Act was amended to withdraw a permanent resident alien's exemption from military service. 50 U.S.C.A.Appendix, § 454(a). Cuozzo was classified "1–A," reported for physical examination and was found not acceptable and classified "4–F." He then filed an application for citizenship which the district judge granted.

The statutory provision which governs the case reads as follows:

"'* * * any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States." Section 315 (a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1426 (a).

We see no way of making the statute mean anything but what it says. There is no suggestion that this young man did not know what he was signing and the statement in form 130 is as explicit as the English language can make it. If, as has been suggested, administrative practice has been to refrain from insisting upon denial of citizenship to those aliens who do in fact serve their turn in the armed forces, that administrative practice cannot alter the explicit direction of the statute.

**186**

The Pennsylvania decision in Schultz Naturalization Case, 1956, 384 Pa. 558, 121 A.2d 164 and United States v. Bazan, D.C.Cir.1955, 228 F.2d 455, present cases posited on a different set of facts from those which here appear. More closely resembling our situation is Petition of Velasquez, D.C.S.D.N.Y.1956, 139 F.Supp. 790.

The judgment of the district court will be reversed.