**UNITED STATES of America,**
Appellant,

v.

**Patrick KENNY, Appellee.**
**No. 166, Docket 24294.**

United States Court of Appeals
Second Circuit.

Argued Jan. 25, 1957.

Decided Aug. 8, 1957.

---

Margaret E. Millus, Asst. U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Leonard P. Moore, U. S. Atty., E.D.N.Y., Brooklyn, N. Y., on the brief), for appellant.

Joseph L. Andrews, New York City (Spar, Schlem & Burroughs, New York City, on the brief), for appellee.

Paul O'Dwyer (of O'Dwyer & Bernstein), New York, N. Y., for Irish Institute, Inc., amicus curiæ.

Before HINCKS, LUMBARD, and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

On December 29, 1949, Patrick Kenny arrived in the United States from his native Ireland and was admitted as a resident alien. In March 1951, he registered for the draft. In May 1951, he enlisted in the New York National Guard. In December of that year he was examined, found acceptable for the draft and classified I–A. In January 1952 he was called for induction but his induction was postponed to January 16, 1953 because of his membership in the National Guard. On January 14, 1953, Kenny wrote a letter to his Local Board which stated that: "I Patrick Kenny wish to apply for exemption from service in the U. S. Armed Forces in accordance with the Treaty of Friendship, Commerce and Navigation between Ireland and the United States of America, as an Irish citizen. /s/ Patrick Kenny."

Pursuant to this request, the Board on January 26, 1953 classified Kenny IV–C. Five months later the Board sent a letter to Kenny calling his attention to the applicable provisions of Section 315 of the Immigration and Nationality Act of 1952, which are set out in the margin.[1] In May 1954, Kenny's service

---

1. Section 315(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. §

1426, provides that " * * * any alien who applies or has applied for exemp-

with the National Guard terminated and he received an honorable discharge. In May 1955, Kenny withdrew his request for exemption from service, requested a I–A classification and shortly thereafter applied for voluntary induction. In July 1955, he filed a petition for naturalization. On December 19, 1955 upon a pre-induction physical examination he was found physically unfit for service and classified IV–F.

At the final hearing on the naturalization petition, the Judge accepted Kenny's explanation that because he had been told (by whom, he did not say) that, by virtue of his membership in the National Guard he was serving in the "Armed Forces," he thought his application for exemption from the draft would not bar him from citizenship. The Judge found that Kenny had applied for the exemption under a mistaken belief that because of his service in the National Guard he was entitled to exemption from the draft without impairing his eligibility for citizenship and on that finding held that he was not ineligible. Thereafter, on April 26, 1956, Kenny took the oath of allegiance.

The Government contends that because Kenny applied for exemption from service as an alien and was in fact exempted, he became permanently ineligible for citizenship under § 315(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1426. We sustain the Government's position: even on the findings below the statutory bar was applicable. Cf. Mannerfrid v. United States, 2 Cir., 200 F.2d 730, 732, certiorari denied 345 U.S. 918, 73 S.Ct. 729, 97 L.Ed. 1351.

■ Under § 3 of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 453, the appellee as a

"male person * * * in the United States" was required to register. And having registered, under § 15 of the Act, 50 U.S.C.A.Appendix, § 465, he is "deemed to have notice of the requirements" of the Act and is under a duty to keep his local board informed as to "changes in status as required by" rules and regulations. See also S.S.S. Regulations § 1641.1 and § 1625.1(b). 32 C.F.R. (Rev.1954). Accordingly, "it was incumbent upon him to keep informed of any conditions attached to any claim for exemption before he undertook to press one." Mannerfrid v. United States, supra. And so here, as was said of Mannerfrid, "if he is to escape the condition that the Act imposed upon his exemption, he [the alien petitioning for naturalization] must point to some excuse; and he says that he has one in the decision of the Supreme Court in Moser v. United States, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729."

We think it plain that the excuse found sufficient to avoid the bar in Moser's case is not available to Kenny.[2] There is no showing here that Kenny in claiming exemption had been provided with a Selective Service form the tenor of which had misled him. Still less is there any showing that the revised form was the product of negotiations between the Irish Legation and the State Department resulting from a request from Kenny for assistance in obtaining his alleged treaty rights. So far as appears, he did not—as did Moser—seek "information and guidance from the highest authority to which he could turn." Nor was Kenny, like Moser, "led to believe that he would not thereby [i. e., by signing a recommended application form] lose his rights to citizenship."

---

tion or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States."

2. We observe that the Moser decision related to the provisions of § 3(a) of the Selective Training and Service Act of 1940 and did not purport to apply the somewhat less drastic bar of § 315 of the Immigration and Nationality Act of 1952. Cf. Ceballos v. Shaughnessy, 352 U.S. 599, 77 S.Ct. 545, 1 L.Ed.2d 583. However, our disposition of this case does not rest on that distinction.

Moreover, Kenny's excuse is in many other respects far more tenuous than Moser's. Kenny claimed exemption as "an Irish citizen" without even inquiring of his Local Board as to the effect of his claim. He was promptly notified that his classification had been changed to IV–C, which was composed of aliens who had "made application to be relieved from liability for training and service in the Armed Forces of the United States * * *." S.S.S. Regulation § 1622.42(b), 32 C.F.R. Although within five months the Selective Service System by letter called his attention to the provisions of § 315 of the Nationality Act, he never thereafter asserted a claim or expressed a belief that he was relieved of the bar of that Act until the hearing on his naturalization petition when he testified: "The only reason I signed it was because I was in the National Guard; I thought that was covering me up." But even after his National Guard service had terminated, without any notice of that fact to his Local Board he continued to enjoy an exempt status under his IV–C classification for another year.

■ Considering the case in its entire setting, we can only conclude as a matter of law that even if it were correctly found below that Kenny had applied for exemption in the mistaken but sincere belief that as a National Guardsman he was relieved not only from the draft but also from the statutory bar from citizenship, his mistake was not such as to excuse him from the condition imposed upon his eligibility for naturalization by Act.

■ Other points raised by the appellee to support the order below need but brief mention. Here, after the appellee had been found fit for service, he not only applied for exemption as an alien but also for several years was actually relieved from service with the Armed Services as a result of his application for exemption. His belated withdrawal of his request for exemption and the later reclassification as IV–F could not avoid the bar. Petition of Velasquez, D.C., 139 F.Supp. 790, affirmed Velasquez v. U. S., 2 Cir., 241 F.2d 126; Brownell v. Rasmussen, 98 U.S.App.D.C. 300, 235 F.2d 527, certiorari granted 353 U.S. 907, 77 S.Ct. 660, 1 L.Ed.2d 661; In re Naturalization of Cuozzo, 3 Cir., 235 F.2d 184.

■ The contention that service with the National Guard constitutes service in the Armed Forces of the United States for purposes of Section 315 of the Immigration and Nationality Act is preposterous. The Universal Military Training and Service Act provides, 50 U.S.C.A. Appendix, § 466(c), that "The term 'armed forces' shall be deemed to include the Army, the Navy, the Marine Corps, the Air Force, and the Coast Guard." There is utterly no reason to believe that § 315(a) of the Nationality Act used the phrase in any other sense.

■ Nor does the statutory bar attach only when the application for exemption is made upon a prescribed form or when the applicant has been expressly notified of the bar prior to the making of the application. The provisions of § 315 of the Immigration and Nationality Act may not be interpreted to mean that the condition on eligibility therein provided shall come into effect only when the application for exemption is made upon a prescribed form or after a warning as to its effect. The provisions of S.S.S. Regulation § 1622.42(b), 32 C.F.R. (Rev. 1954), were neither intended nor effective to restrict the plain provisions of § 315. Cf. Ballester v. United States, 1 Cir., 220 F.2d 399, 405, certiorari denied sub nom. Pons v. United States, 350 U.S. 830, 76 S.Ct. 62, 100 L.Ed. 741. We know of no principle of law whereby an applicant for naturalization is immune from statutory provisions imposing conditions on eligibility for naturalization merely because the statute has not been called directly to his attention. However that may be, in this case Kenny did not advance as his excuse ignorance of the statutory bar. Instead, his excuse was that he thought the bar not applicable to him. Moreover, even after he had been directly notified of the statutory bar, he continued for over a year

**144**

to enjoy exemption as an alien before he withdrew his request for exemption.

■ And, lastly, as was held in Moser v. United States, supra, Kenny had no treaty right to become a United States citizen regardless of the statutory condition imposed upon his eligibility. See also Ballester v. United States, supra.

Reversed and remanded with a direction to vacate the order and dismiss the petition.