## Kaufmann Naturalization

*Donald W. Lehrkinder*, for petitioner.

SWENEY, P. J., December 26, 1957.—The Government objects to the naturalization of Harry Kaufmann on the ground that he is not eligible for citizenship under the provisions of section 315 of the Immigration and Nationality Act, he having applied for and been relieved from military training and service because of alienage.

When petitioner made his claim for exemption in 1950, section 4(a) of the Selective Service and Training Act of 1948 provided that such a claim "shall thereafter debar the claimant from becoming a United

States citizen". This same provision was included in section 315 of the Immigration and Nationality Act of June 27, 1952, which reads as follows:

". . . any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States": 66 Stat. 242, 8 U. S. C. §427.

The facts are that, on October 26, 1950, at Pittsburgh, applicant applied for relief from military training and service in the armed forces of the United States on the ground of alienage, knowing that such claim forever barred him from citizenship; that he was relieved from military service; that he had been in the country only 10 months; that he had entered the country from Austria, where he had witnessed the violence and horror of war.

On February 14, 1952, there having been a change in Selective Service procedure and petitioner's classification having been changed to 1-A by his draft board, he entered the United States Army at Pittsburgh, and on April 23, 1952, he was honorably discharged for physical disability. On April 12, 1956, he filed his present petition and therein stated that he was willing to bear arms for the United States.

The Government calls to our attention the case of Naturalization of Annibele Cuozzo, 235 F. 2d 184, decided by the United States Circuit Court on June 26, 1956, in which the court (Goodrich, J.) says:

"We see no way of making the statute mean anything but what it says. There is no suggestion that this young man did not know what he was signing and the statement in form 130 is as explicit as the English

language can make it. If, as has been suggested, administrative practice has been to refrain from insisting upon denial of citizenship to those aliens who do in fact serve their turn in the armed forces, that administrative practice cannot alter the explicit direction of the statute."

The only difference between this case and the case at bar is that Cuozzo did not serve in the armed forces because of physical disability, but Kaufmann was accepted for service and served. At the hearing before the writer thereof, it was pointed out by counsel that Kaufmann had been subject to persecution in Austria, due to his Jewish faith; that, nevertheless, he exposed himself to certain death on behalf of ourselves and our allies and presented to the court a certificate from Field Marshall H. R. Alexander, of the English Army, and a letter of commendation from an officer of our own army, both of which extolled Kaufmann for his services to our cause.

That a man of such background should hate war is most understandable. It has been many years since World War I, but I still have vivid recollections of that war and have no desire for more of it. But aside from this, I question the interpretation of a statute which closes the door to citizenship because of a refusal to bear arms and seemingly gives no right to a person to reconsider his decision. If this statute means what it says when it uses the term "permanently ineligible", then the draft board has no right to reclassify and the army has no right to accept military service. In our opinion, to so act means to set aside the terms of the statute.

The Government says to us that in all other respects this applicant will make a good citizen. He is married and is self-supporting in his own business in Clifton Heights, this county. We feel that, under all the cir-

cumstances of this case, he is entitled to become a citizen.

### Decree

And now, December 26, 1957, it is ordered and decreed that Harry Kaufmann be, and he is hereby, admitted to become a citizen of the United States of America, after administration of the proper oath.