**Arthur Tuggi BRUNNER, Appellant,**

v.

**Albert DEL GUERCIO, as District Director, Immigration and Naturalization Service, Los Angeles, California, Appellee.**

**No. 15711.**

United States Court of Appeals
Ninth Circuit.

May 20, 1958.

Marshall E. Kidder, Gordon, Kidder & Price, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Arline Martin, Richard A. Lavine, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE, BARNES and HAMLIN, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This is an appeal from the judgment of the District Court denying relief

prayed for in a complaint filed by Brunner for judicial review of an order of deportation. The record upon which the order was based showed that Brunner entered this country on October 15, 1949, and was admitted for permanent residence. He is a native and citizen of Switzerland. In 1953, he reentered the United States on two different occasions under reentry permits issued by the Immigration and Naturalization Service. Prior to that time, about April 2, 1951, he executed Selective Service Form No. 130, wherein he claimed "relief from liability for training and service in the armed forces of the United States."

After the last reentry, Brunner was served with a warrant to show cause why he should not be deported from the United States,[1] upon which a hearing was held.

The Special Hearing Officer who heard the case recited that Brunner testified that he had made the application for relief from training and service wholly through misunderstanding; that, when he signed the form, he had but a slight knowledge of the English language; that the form was read to him, but that he did not understand it and was of the opinion that he had requested relief from "training" and not from "service." It was stated he had four years' service in the Swiss Army and had voluntarily attempted to enlist in the Air Force. The officer set forth a letter of Brunner to his local Selective Service Board, written for him by a friend with a better understanding of English, dated about one month prior to the time the board sent and Brunner executed SSS Form No. 130. In this letter, Brunner stated he would not like to lose his chances of becoming an American citizen, that he was not trying to avoid service in the armed forces, that he had had four years of service in the Swiss Army, and that he did not desire to be drafted with the Army because he preferred service in the Air Force. Based upon this testimony the Special Inquiry Officer accepts the following as established facts:

"It is very apparent from the review of this record as a whole that the respondent did not desire in 1951 to evade service in the Armed Forces, but only training, and that it was a misunderstanding by the respondent, and by the Selective Service Board in not properly informing the respondent in view of the aforesaid letter from him as to his reason for signing the form."

Upon this recital, it was concluded by the Special Inquiry Officer that no estoppel arose against the Selective Service Board because of failure to notify him in response to the letter from him, that Brunner could not insist on service in the Air Corps, and that he would be ineligible for service at all and be debarred from citizenship once the form submitted was filed. The Special Inquiry Officer concluded, however, that the Immigration Service was estopped, since reentry permits had subsequently been erroneously granted to Brunner on two occasions upon which he left the United States under the auspices of the War Department to entertain the armed forces in the Far East and the Caribbean area.

The Special Inquiry Officer concluded therefore that Brunner was not subject to deportation. Thereupon, he made the following entry dated March 21, 1955:

"Order: It is ordered that the proceedings in this case be terminated."

There is appended the following notation:

"The Board of Immigration Appeals has directed that this case be certified to that Board and the final order will be entered in this case by the Board. * * * "

1. The warrant described Brunner as being deportable under § 241(a) (1) of the Immigration and Nationality Act (8 U.S.C.A. § 1251(a) (1) (1952 Ed.)) in that, at the time of entry, he was one of a class of aliens excludable under § 211(a) (22) (8 U.S.C.A. § 1182(a) (22) (1952 Ed.)) because of his ineligibility to citizenship under § 4(a) of the Selective Service Act, due to his application for exemption from service (50 U.S.C.A. Appendix § 454(a)).

The Board of Immigration Appeals did not enter any findings of its own. In its ruling it recites that the Special Inquiry Officer had found that the respondent rendered himself ineligible for citizenship, and affirmed the supposed finding. It was further held that there was no estoppel of the government due to the erroneous issuance of reentry permits to Brunner.

Thereupon, the Board of Immigration Appeals, on August 30, 1955, directed that the order of the Special Inquiry Officer be withdrawn, that an order of deportation be not entered at the time, but that Brunner be required to depart from the United States within the time set by the officer in charge of the District. It was further ordered that, if he did not depart as directed, "the order of deportation be reinstated and executed."

The attorney for Brunner made a motion for reconsideration. This was denied by the Board, which distinguished Moser v. United States, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729, and relied upon In re Ballester, D.C., 119 F.Supp. 629. They likewise again held there was no estoppel.

Brunner did not depart voluntarily within the time limited, and a warrant of deportation was issued by the District Director on December 22, 1955, in accordance with the order of the Board of Immigration Appeals.

Brunner brought suit to review the action of the Immigration and Naturalization Service in the District Court. He prayed that judgment be entered that he was not deportable. Judgment was entered based upon findings of fact and conclusions of law, denying the relief prayed by Brunner.

Brunner specifies as error that the District Court erred in concluding that:

"1. The Board of Immigration Appeals had jurisdiction to review and withdraw the order of the Special Inquiry Officer dated March 21, 1955, terminating the deportation proceedings.

"2. The decision of the Board of Immigration Appeals of August 30, 1955, constitutes a final and valid administrative order of deportation.

"3. There was no estoppel created against the Immigration and Naturalization Service by reason of the issuance to appellant of re-entry permits with knowledge of positive excludability, and then predicating deportation upon the last re-entry on April 23, 1953.

"4. The findings and warrant of deportation are supported by reasonable, substantial and probative evidence."

 This alien was accorded procedural due process. A proper hearing was held. The proceedings were terminated by the Special Inquiry Officer, as permitted by § 242.61(c) of Title 8, C.F.R. (1952 ed.). Brunner did not appeal. However, the contention of Brunner that the Board of Immigration Appeals had no jurisdiction to review and withdraw the order of the Special Inquiry Officer has no foundation. The regulations in effect further provided that "the Board [of Immigration Appeals] may in any case arising [from decisions of Special Inquiry Officers in deportation cases] * * * require certification of such case to the Board" (8 C.F.R. § 6.1(c) (1952 ed.)) and that "the order of the special inquiry officer shall be final except when * * * [so certified]." 8 C.F. R. § 242.61(e) (1952 ed.).

There is no written direction of the Board of Immigration Appeals to certify this specific case to the Board. However, the Special Inquiry Officer certified the cause to the Board, reciting that the Board had directed the certification. This is an official act and cannot be questioned. There is no lack of procedural due process where the certification was made, even if the direction of the Board be not in evidence in writing.

 Equally without foundation is the claim that the Board did not order deportation. The Board did direct that,

**586**

if Brunner failed to depart at the time and under the conditions set, "the order of deportation be reinstated." But Brunner did not so depart. The District Director did issue the warrant of deportation upon what he properly construed to be the order of the Board. There is no lack of procedural due process shown here. There is no requirement that the exact abracadabra must be formalistically set down in order to deport an alien in the country illegally. These technical contentions characterize the case.

The difficulty of the case lies in the fact that, contrary to the apparent assumption of the Board of Immigration Appeals, the Special Inquiry Officer did not find that Brunner knowingly and intentionally waived his rights to citizenship when he executed the Selective Service form. Indeed, that officer found almost the exact opposite, as has been set out above. The Board made no findings whatever. The Special Inquiry Officer found that the Selective Service Board was not estopped from entering the signed form simply because the aforementioned letter had been written about the same time, which Brunner signed and which sets forth his theory that he sought "service" but relief from ground "training."

■ The Special Inquiry Officer was correct in holding Selective Service was not estopped by this circumstance.

■ The Board was correct in affirming this position. The Board was also correct in holding that there was no estoppel against the Immigration Service because of the issuance of the reentry permits or by reason of its silence.[2] But estoppel is not the key question.

There is no finding by the Special Inquiry Officer, the Board or the Court that Brunner executed the Selective Service form with knowledge that he would be thereby debarred of citizenship and that he was not misled by the circumstances to which he testified.

■■ Under this situation, the denial of relief was improper. It cannot be squared with the cases.[3] Under the circumstances, the Immigration Service should be given an opportunity to clear up the record technically by proper finding before issue of the order.

In view of all the cases which even remotely touch the subject, it seems there must somewhere be a finding that the Selective Service form was voluntarily executed with full knowledge of its effect by this Swiss national.

Remanded.

2. The applicable statute makes it clear that the issuance of a permit to reenter "shall have no effect under the immigration laws, except to show that the alien to whom it is issued is returning from a temporary visit abroad." 8 U.S.C.A. § 210(f) (1942 Ed.), now 8 U.S.C.A. § 1203(e).

3. Moser v. United States, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729; Ceballos v. Shaughnessy, 352 U.S. 599, 604, note 11, 77 S.Ct. 545, 1 L.Ed.2d 583; Machado v. McGrath, 90 U.S.App.D.C. 70, 193 F.2d 706, certiorari denied 342 U.S. 948, 72 S.Ct. 557, 96 L.Ed. 705.

In naturalization proceedings, where the issue arises whether the petitioner knowingly and intentionally waived his rights to citizenship by claiming exemption from Armed Forces service, the finding of the District Court is essential and, unless clearly error, is binding. See Ballester v. United States, 1 Cir., 220 F.2d 399, 404, certiorari denied sub nom. Pous v. United States, 350 U.S. 830, 76 S.Ct. 62, 100 L.Ed 741. Implications to the contrary in United States v. Kenny, 2 Cir., 247 F.2d 139, are disapproved.