**Petition for Naturalization of Louis BRONKOVITCH.**

**No. 34051.**

United States District Court
D. Maryland.
April 20, 1959.

John P. Zebelean, Jr., Baltimore, Md., for petitioner.

Ernest H. Hupp, Baltimore, Md., for Immigration & Naturalization Service.

THOMSEN, Chief Judge.

The question in this case is whether petitioner is barred from citizenship by sec. 315(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1426 (a), which provides that "any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States".

Petitioner, a Serb, was born in 1895 in Petrovac, Bosnia, a former Turkish province which had been occupied and governed by Austria-Hungary since 1878 and was annexed to the dual monarchy in 1908. After Austria-Hungary collapsed in the fall of 1918 the people of Bosnia joined with other Southern Slavs to form the Kingdom of the Serbs, Croats and Slovenes, now Yugoslavia.

Petitioner entered the United States in 1913 as a subject of the Austro-Hungarian empire and worked in various steel mills for four years. He could not read and write any language, and spoke broken English. Under the 1917 draft law, Act of May 18, 1917, 40 Stat. 76, an alien enemy was not liable to be drafted, but for some reason which does not ap-

pear from the record, petitioner was inducted into the United States Army on November 2, 1917. A report signed by the commanding officer of the 316th Infantry shows petitioner's age, place of birth, years in the United States, the fact that he had no naturalization papers and was unmarried, that he had three brothers in the Austrian army, and that to the question "Want to fight?" he had answered "No". He was discharged from the Army on February 19, 1918, pursuant to a directive from the Secretary of War that "all subjects of countries with which we are at war who do not desire to serve in the United States Army, be discharged at the earliest possible moment". His Army record contains an endorsement by his company commander in connection with the discharge, which reads as follows: "Alien enemy. Does not desire to serve in U. S. Army." The "record of determination", signed by the Adjutant General, states merely that petitioner had been discharged under other than honorable conditions "by reason of being an enemy alien". There is no record that petitioner ever applied for exemption or discharge from service in the Armed Forces on the ground that he was an alien.

In 1919 he filed in this court a declaration of intention to become a citizen of the United States, but did not follow it up. He filed another such declaration in September, 1939, but his petition for naturalization was denied because he could not read and write English. The I.N.A. of 1952 provides[1] that the requirement shall not apply "to any person who on the effective date of this chapter is over fifty years of age and has been living in the United States for periods totaling at least twenty years". 8 U.S.

C.A. § 1423(1). Petitioner thereafter filed another petition for naturalization and the Service concedes that he meets all of the requirements for naturalization under the present law unless he is barred by sec. 315 of the 1952 Act.

Petitioner contends that sec. 315 was not intended to apply to service during World War I, citing Petition of Kazuichi Tsuji, D.C.N.D.Cal., 119 F. Supp. 68. I do not agree that sec. 315 can never apply to service during World War I, although it is likely to apply in relatively few cases, in view of the passage of time, the provisions of the World War I draft laws, and the rule in Moser v. United States, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729, which has been generally held applicable to cases arising since the 1952 Act. Annotation 1 L.Ed.2d 1929, at page 1932; In re Skender's Petition, 2 Cir., 248 F.2d 92; United States v. Kenny, 2 Cir., 247 F.2d 139; In re Naturalization of Cuozzo, 3 Cir., 235 F.2d 184; Ballester v. United States, 1 Cir., 220 F.2d 399. Cf. Petition of Mauderli, N.D.Fla., D.C., 122 F. Supp. 241.

It is quite clear that petitioner made no intelligent choice between exemption and citizenship, as required by Moser v. United States. He could not have made such a choice, because those alternatives were not presented by the Selective Service Act of 1917, 40 Stat. 76.[2] Even if sec. 315 should be construed to bar everyone who comes within its literal terms, I find that petitioner did not apply for exemption or discharge from training or service in the armed forces of the United States on the ground that he was an alien. Petitioner is entitled to be naturalized.

1. A similar provision appeared for the first time in section 30 of the Internal Security Act of 1950, 64 Stat. 987, 1018.

2. Cf. the 1918 amendment, 40 Stat. 955, which applied only to neutral aliens and

not to enemy aliens. See also 55 Stat. 845 (1940), and the Universal Military Training and Service Act, 50 U.S. C.A.Appendix, § 451 et seq.