**Petition for Naturalization of Jaime DIAZ.**

No. 596533.

United States District Court E. D. New York.

Dec. 1, 1961.

————◆————

William B. Rothschild, New York City, for petitioner.

Morris Rifkin, Brooklyn, N. Y., for the United States.

RAYFIEL, District Judge.

This is a petition for naturalization filed under the provisions of Section 316 (a) of the Immigration and Nationality Act of 1952 (Section 1427(a) of Title 8 U.S.C.A.)

The petitioner, born on November 2, 1917 in Colombia, South America, is married to a citizen of the United States, and is employed as an automobile mechanic. He was lawfully admitted into the United States for permanent residence on April 30, 1940. He registered for the draft with his Local Selective Service Board in Manhattan, where he resided, on October 16, 1940, and filed his Selective Service Questionnaire on September 17, 1941. The questionnaire had been filled in by his brother since he could neither read nor write English at the time. He was classified 1–A on June 3, 1942 after a physical examination. On June 25, 1942, after having consulted with the Colombian Consul he subscribed and swore to DSS Form 301 which is an "application by alien for relief from military service." In this form he stated that he was a citizen or subject of Colombia, a neutral country, that he was applying to be relieved from liability for training and service in the Armed Forces of the United States, and that he understood that the making of such an application would debar him from becoming a citizen of the United States. He was thereupon re-classified 4–C on June 29, 1942.

On March 20, 1945, after Colombia entered the war, he was again reclassified 1–A, but after a pre-induction physical examination he was rejected for service and reclassified 4–F. Thereafter he filed a petition for naturalization in the United States District Court for the Southern District of New York. His petition was denied on two grounds, namely: "(1) Petitioner is ineligible for naturalization by virtue of the provisions of Section 3(a) of the Selective Training and Service Act of 1940,* as amende (sic)

* Now Universal Military Training and Service Act, § 4, 50 U.S.C.A. Appendix, § 454.

having made application for relief from military service; and

(2) petitioner has failed to establish that he has been attached to the principles of the Constitution and well disposed to the good order and happiness of the United States for the period required by law."

On November 2, 1959 he filed the instant petition. The Immigration and Naturalization Service held a preliminary hearing before a designated examiner who recommended the denial thereof, and the petitioner then asked for a hearing before the Court.

I am constrained to deny the petition. The record clearly discloses that the petitioner sought to avoid military service at the time he filed his questionnaire. It lists his mother as a dependent, and the letter, signed by him, dated September 1941, refers to a corroborating affidavit which he would be obliged to send to his mother in Colombia for signature.

After his first classification in 1–A he sought advice from the Colombian Consul who, he says, advised him that he could sign a form which would enable him to avoid service on the ground that he was an alien and a citizen of a neutral country. He then went to his Draft Board, asked for the form, (DSS Form 301) and signed it. He testified that no one told him that if he signed the form he could never become a citizen of the United States. That argument was rejected in United States v. Kenny, 2 Cir., 247 F.2d 139, at page 143, when the Court said, "Nor does the statutory bar attach only when the application for exemption is made upon a prescribed form or when the applicant has been expressly notified of the bar prior to the making of the application. *The provisions of § 315 of the Immigration and Nationality Act may not be interpreted to mean that the condition on eligibility therein provided shall come into effect only when the application for exemption is made upon a prescribed form or after a warning as to its effect.* The provi-

sions of S.S.S. Regulation § 1622.42(b), 32 C.F.R. (Rev.1954), were neither intended nor effective to restrict the plain provisions of § 315. Cf. Ballester v. United States, 1 Cir., 220 F.2d 399, 405, certiorari denied sub nom. Pons v. United States, 350 U.S. 830, 76 S.Ct. 62, 100 L.Ed. 741. *We know of no principle of law whereby an applicant for naturalization is immune from statutory provisions imposing conditions on eligibility for naturalization merely because the statute has not been called directly to his attention."* (Emphasis added.)

The petitioner further contends that since he was reclassified 1–A by his Draft Board on March 20, 1945 he was not effectively relieved from liability for military service so as to make him ineligible for citizenship. A similar argument was answered in the case of United States v. Hoellger, 2 Cir., 273 F.2d 760, when Judge Waterman said, in footnote 2 at page 762, "The Government, by citing the cases discussed in the preceding paragraph, suggests that in the context of Section 315(a) excuse from military service on grounds of physical disability is equivalent to actual service. This suggestion is erroneous. *An alien who postpones induction by means of an application for exemption, and who is thereafter rejected for physical disability, may legitimately be said to have been relieved from military service by virtue of his exemption application. This results from the fact that the physical disability may have arisen between the date the alien would have been inducted but for the obtaining of the exemption and the subsequent date on which induction is ordered.* Petition of Velasquez, supra, [D.C., 139 F.Supp. 790] offers a striking example. Petitioner in that case applied for and received an exemption on grounds of alienage. As soon as he became older than the maximum age at which men were being inducted he sought to have his exemption canceled. Velasquez was 'relieved from' military service as a result of his exemption application even though his classification was changed from exempt because of

alienage to exempt because of having become 38 years of age." (Emphasis added.)

·This quotation is especially applicable to the case at bar. Here the petitioner was classified 1–A on June 3, 1942, after a physical examination. He was found physically fit to serve at that time. Almost three years later, on March 20, 1945, he was reclassified 1–A, after which he was given a physical examination, rejected, and placed in 4–F. Clearly the disability which caused his rejection must have arisen during this period. See Velasquez v. United States, D.C., 139 F. Supp. 790, affd. 2 Cir., 241 F.2d 126.

The petition is denied.

Settle order on notice.