**Joseph Rashid JUBRAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 16586.

United States Court of Appeals Fifth Circuit.

May 7, 1958.

Jack Binion, Lyon L. Brinsmade, Butler, Binion, Rice & Cook, Houston, Tex., for appellant.

William B. Butler, U. S. Atty., Sidney Farr and James E. Ross, Asst. U. S. Attys., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant, Joseph Rashid Jubran, is a native and citizen of Palestine. He was admitted to the United States in 1937. He registered at Hempstead, New York, in 1942, under the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, 1944 ed. § 301 et seq.[1] In January of 1943 he applied as a neutral alien for relief from military service using the form known as DSS 301. In it the appellant stated "I understand that the making of this application to be relieved from such liability will debar me from becoming a citizen of the United States." The statute provided:

"That any citizen or subject of a neutral country shall be relieved from liability for training and service under this Act if, prior to his induction into the land or naval forces, he has made application to be relieved from such liability in the manner prescribed by and in accordance with rules and regulations prescribed by the President, but any person who makes such application shall thereafter be debarred from becoming a citizen of the United States * * *." 50 U.S.C.A.Appendix, 1944 ed. § 303(a).[2]

In March, 1942, the National Director of Selective Service placed Palestine on the list of neutral countries. The appellant was classified IV-C, which relieved him from liability for training and service. Palestine was removed from the list of neutral countries in December, 1943. On January 13, 1944, it was determined that the appellant was liable for training and service, and he was classified as I-A. On March 29, 1944, the appellant wrote his Local Selective Service Board informing it that he would like to withdraw his objection to service in the United States Armed Forces and saying, "I presume that it has been cancelled anyway since you have reclassified me in I-A." He was ordered to report for a preinduction physical examination in April, 1944. He was employed at the time by a com-

---

1. Now 50 U.S.C.A.Appendix, § 451 et seq.

2. Now 50 U.S.C.A.Appendix, § 454.

pany engaged in geophysical activity. The employer obtained a deferment for the appellant and he was then given a II-A classification as a person necessary in an essential civilian occupation. The appellant petitioned for naturalization in 1955. The District Court held that he was ineligible for citizenship and dismissed the petition. On appeal several specifications of error are submitted.

■■ The appellant contends that his application for exemption from training and service was not, in contemplation of law, an application for exemption because it was made under circumstances of duress and coercion. His parents, five sisters, and a brother in Palestine were, he said, wholly dependent upon him for support, and, had he gone into the military service of the United States, he could not have made any allotment to them or have procured any dependency allowances for them. The appellant's desire to assist his parents, sisters and brother in Palestine was the coercion and duress upon which the appellant relies. The economic benefits enjoyed by the appellant which permitted him to make remittances to his family were preferred by him to the privilege of wearing the uniform of the country which had provided him with economic opportunities. The statute gave him the choice of exemption and no citizenship, or no exemption and citizenship. Where there is an intelligent election between these courses, the alien is bound by them. Moser v. United States, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729; Ceballos v. Shaughnessy, 352 U.S. 599, 77 S.Ct. 545, 549, 1 L.Ed.2d 583. We think the appellant made an intelligent election and his choice was voluntarily made. In most of the cases where resident aliens claimed the statutory exemption from military service there was some impelling motive and some decisive reason which, as in the appellant's case, dictated the exercise of the choice. Such motives and such reasons do not show, per se, the absence of an intelligent election and a voluntary choice. As said by the Supreme Court, "The neutral alien in this country during the war was at liberty to refuse to bear arms to help us win the struggle, but the price he paid for his unwillingness was permanent debarment from United States citizenship." Ceballos v. Shaughnessy, supra; Savoretti v. Small, 5 Cir., 1957, 244 F.2d 292.

■ Placing reliance upon Petition of Ajlouny, D.C.E.D.Mich. 1948, 77 F.Supp. 327, the appellant contends that, notwithstanding the listing of Palestine as a neutral country by the Director of Selective Service it was not in fact a neutral country and the action of the Director was a nullity. The Ajlouny case so holds and is alone in so holding. We think it wrongly decided. In a case similar to the one before us it was said:

"Generally speaking, the Courts have approved the doctrine that the status of foreign countries as regards international relations is for the determination of the political or executive department of the government and not for judicial decision. Only when such determinations are obscure or unclear do the courts undertake the task." United States v. Bussoz, 9 Cir., 1955, 218 F.2d 683, 686. See Brownell v. Rasmussen, 1956, 98 U.S.App.D.C. 300, 235 F.2d 527, appeal dismissed 355 U.S. 859, 78 S.Ct. 114, 2 L.Ed.2d 66.

Perhaps the court in the Bussoz case went beyond that which it was necessary to hold in order to reach its decision. It is not unlikely that the question of neutrality vel non is, in many instances, one which is subject to judicial determination. But the bar arises from the making of the application for and the granting of relief from military service. See 8 U.S.C.A. § 1426; Ceballos v. Shaughnessy, supra; Savoretti v. Small, supra.

■ The appellant finally takes the position that he was not relieved from service on the ground that he was an alien. Our attention is directed to the section of the Immigration and Nationality Act of 1952 which provides:

"(a) Notwithstanding the provisions of section 405(b) of this Act, any alien who applies or has applied

for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States.

"(b) The records of the Selective Service System or of the National Military Establishment shall be conclusive as to whether an alien was relieved or discharged from such liability for training or service because he was an alien." 8 U.S.C.A. § 1426.

Upon the completion of Form DSS 301 the appellant's draft board changed his classification from I-A to IV-C. In class IV-C were placed neutral aliens who had made application to be relieved from military duty. 32 C.F.R. (Cum.Supp.) § 622.43(b). Being so classified he was relieved from service or training. In this classification and enjoying the exemption from military duty which was an incident of the classification, the appellant remained for a year. After Palestine had been removed from the list of neutral countries and after the appellant's classification had been changed to I-A he asked to withdraw his application. The appellant applied for exemption as an alien and was relieved from service as an alien. He is ineligible to become a citizen notwithstanding his attempt to withdraw his application after his classification had been changed. Petition of Velasquez, D.C.S.D.N.Y.1956, 139 F.Supp. 790, affirmed Velasquez v. United States, 2 Cir., 1957, 241 F.2d 126. Nor is he relieved of the bar by his subsequently receiving an occupational deferment as a result of the efforts of his employer.

"Naturalization is a privilege, to be given, qualified, or withheld as Congress may determine, and which the alien may claim as of right only upon compliance with the terms which Congress imposes." United States v. Macintosh, 283 U.S. 605, 51 S.Ct. 570, 572, 75 L.Ed. 1302; Terrace v. Thompson, 263 U.S. 197, 44 S.Ct. 15, 68 L.Ed. 255; Schneiderman v. United States, 320 U.S. 118, 63 L.Ed. 1333, 87 L.Ed. 1796. It is not within the judicial power to alter the terms which Congress has laid down.

The judgment of the District Court is correct. It is

Affirmed.