Petition of Antonio DE CAMPOS for Naturalization.

No. 99940.

United States District Court
D. New Jersey.
June 19, 1958.

Milton S. Kramer, Newark, N. J., for petitioner.

Julius Goldberg, Newark, N. J., for Immigration and Naturalization Service.

WORTENDYKE, District Judge.

This matter is before me on final hearing of a petition for naturalization filed July 6, 1956. The recommendation of the Designated Examiner of the Immigration and Naturalization Service that the petition be denied, is concurred in upon the testimony and exhibits presented to me.

The recommendation of the Designated Examiner respecting the present petition is grounded upon Section 3(a) of the Selective Training and Service Act of 1940 (50 U.S.C.Appendix, § 303(a))[1] which, in pertinent part, provided that:

"* * * any citizen or subject of a neutral country shall be relieved from the liability for training and service under this Act * * * if, prior to his induction into the land or naval forces, he has made application to be relieved from such liability in the manner prescribed by and in accordance with rules and regulations prescribed by the President, but any person who makes such application shall thereafter be debarred from becoming a citizen of the United States. * * *"

Section 101 of the Immigration and Nationality Act of 1952 (8 U.S.C.A. § 1101 (a) (19)) provides that:

"The term 'ineligible to citizenship,' when used in reference to any individual, means, notwithstanding the provisions of any treaty relating to military service, an individual who is, or was at any time, permanently debarred from becoming a citizen of the United States under section 3(a) of the Selective Training and Service Act of 1940, as amended (54 Stat. 885; 55 Stat. 844), or under section 454(a) of Appendix to Title 50, or under any section of this title, or any other Act, or under any law amendatory of, supplementary to, or in substitution for, any of such sections or Acts."

Section 315 of the same Act (8 U.S.C.A. § 1426) provides as follows:

"(a) Notwithstanding the provisions of section 405(b) of this Act, any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States.

"(b) The records of the Selective Service System or of the National Military Establishment shall be conclusive as to whether an alien was relieved or discharged from such liability for training or service because he was an alien."

Accordingly, if the petitioner applied for exemption from military service and was actually relieved from such service he has deprived himself of the right to United States citizenship. Application of Mirzoeff, 2 Cir., 1958, 253 F.2d 671.

Petitioner, represented to be 49 years of age, was born in Portugal. Although he resides in Newark, New Jersey, his wife and two children live in Portugal, where petitioner was married in 1932. He had first entered the United States in 1927, returned to Portugal in 1932 and married there. He remained in that

1. Now 50 U.S.C.A.Appendix, § 454.

country until 1938 and reentered the United States on August 26 of the latter year, by way of Cuba. On April 6, 1939 petitioner filed a Declaration of Intention, and, on February 27, 1945, his Petition for Naturalization.

On October 16, 1940 petitioner registered for Military Service to the United States and was classified 1–A. But, on March 16, 1942, he filed with his Local Board, DSS Form 301, in which he applied to be relieved from liability for training and service in the land or naval forces of the United States under the Selective Training and Service Act of 1940, and certified thereon, as follows:

"I understand that the making of this application to be relieved from such liability will debar me from becoming a citizen of the United States."

Petitioner further declared on oath that he had filed his Declaration of Intention to become a citizen of the United States on April 6, *1942 (sic)* and that he was surrendering, with his application for relief from military service, his original triplicate copy of said Declaration of Intention numbered 47238.

Petitioner claims that the reason why he signed and filed DSS Form 301 was because he believed that if he were inducted into the military service he would be unable to provide suitable support for his wife, for whose admission into the United States he stated he intended to apply. Although petitioner had been gainfully employed at weekly wages as high as $90, he claimed that he was not aware that he could provide for the support of his wife by allotment from his military pay. Petitioner had been supporting his wife and children in Portugal out of his civilian earnings. Despite his concern for his wife's support when he signed his claim for exemption from military service in 1942, he had then been away from her since 1938, and she continues to reside in Portugal. Further, petitioner testified that before executing DSS Form 301, he consulted the Portuguese Consul relative thereto and was in-

formed by him that if he executed the document he would lose his job. Nevertheless, after the form had been filled out and *read to him*, he signed it voluntarily, and returned his "first papers" as therein recited, with the intention of relinquishing his right to citizenship.

Under date of February 11, 1957, the Chief of the Manpower Division and Legal Officer of the New Jersey State Headquarters for Selective Service certified in writing to the Immigration and Naturalization Service that petitioner was granted relief from military service for which he applied, and was classified 4–C (Alien) by his Local Board on March 19, 1942. The same certificate discloses that petitioner was reclassified 1–A (Available for Service) by his Local Board on August 24, 1944, and 4–F (Not Acceptable for Service) on November 8, 1944.

There was further placed in evidence before me the petitioner's letter of November 14, 1944 to the Immigration and Naturalization Service in which he reaffirmed the intention which he expressed in his application for relief from military service because he was a citizen of Portugal and did not consider himself obliged to join the United States Army. In the same letter he stated that he had reconsidered and requested a return of the Declaration of Intention which he had previously surrendered. Petitioner's apparent intention to reseek citizenship arose only after he had been classified 4–F and after more than two years of having been accorded an exemption on the basis of alienage. Such late manifestation of intention does not entitle petitioner to the removal of the barrier which he himself has placed in the path leading to citizenship. United States v. Kenny, 2 Cir., 1957, 247 F.2d 139; Petition of Velasquez, D.C.S.D.N.Y.1956, 139 F.Supp. 790, affirmed per curiam sub nom. Velasquez v. United States, 2 Cir., 1957, 241 F.2d 126; Jubran v. United States, 5 Cir., 1958, 255 F.2d 81; Petition of Elken, D.C.E.D.N.Y.1958, 161 F.Supp. 823; Petition of Calvo, D.C.N.J. 1958, 161 F.Supp. 761.

■ Petitioner's testimony before me that when he signed DSS Form 301 he could not read or write English does not suffice to impair the persuasive effect of the substantial evidence that he knew when he executed the same that he was forfeiting his right to American citizenship and did so with the intention that such should be the result of his act in that regard. He not only applied for relief from military service but he was afforded such relief.

The present petition for naturalization is denied. An order may be presented in conformity with this opinion.