MATTER OF MARTIN-ARENCIBIA

In Adjustment of Status Proceedings

A-12804725

*Decided by Regional Commissioner January 29, 1969*

Applicant's conviction for murder does not preclude him from establishing statutory eligibility for adjustment of status under section 1 of the Act of November 2, 1966 because ineligible to citizenship, since such conviction does not bring him within the excluding provisions of section 212(a)(22) of the Immigration and Nationality Act relating to aliens "ineligible to citizenship" as that term is defined in section 101(a)(19) of the Act.

This matter comes forward by certification from the District Director who denied the application on the ground that the applicant, by reason of his conviction for murder, is ineligible for United States citizenship and excludable from the United States under section 212(a)(22) of the Immigration and Nationality Act, as amended.

The record relates to a 51-year-old married male native and citizen of Cuba whose wife is a lawful permanent resident alien. He last arrived in the United States on May 29, 1963 at Key West, Florida, and was paroled into the United States for an indefinite period of time as a refugee from the political regime in Cuba. In a statement made June 28, 1963, the applicant admitted to having been found guilty and convicted of murder in Havana, Cuba, in June, 1958. The applicant also stated that in 1962 he received treatment by a psychiatrist.

The applicant has applied for adjustment of status pursuant to the provisions of section 1 of the Act of November 2, 1966 which states "That, notwithstanding the provisions of section 245(c) of the Immigration and Nationality Act, the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least two years, may be adjusted by the Attorney General, in his

discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence."

The District Director, in arriving at his decision that the applicant is ineligible for United States citizenship and excludable under section 212(a)(22) of the Act, premises his conclusion on the grounds that under section 101(f)(8) of the Act the applicant cannot be found to be a person of good moral character during the period in which good moral character is required to be established because he is "one who at any time has been convicted of murder". Moreover, pursuant to section 316(a)(3) of the Act, which states in pertinent part, "No person except as otherwise provided in this title shall be naturalized unless such petitioner ... during all the periods referred to in this subsection has been and still is a person of good moral character", the applicant may not be naturalized and is, so reasons the District Director, ineligible to citizenship.

We cannot agree with the District Director's reasoning which would, by administrative fiat, add to the classes of aliens declared by the Congress in section 212 of the Act to be ineligible to receive visas. It is true that the applicant, as a convicted murderer, is by Congressional mandate, pursuant to the sections of the Act cited by the District Director, barred from United States citizenship. However, that fact does not bring him within the classes of aliens "ineligible to citizenship" as used in section 212(a)(22) and defined in section 101(a)(19) of the Act. The definition is unambiguous, but if clarification were needed the legislative history of the Act contains the following unequivocal statement: "The term 'ineligible to citizenship' as defined in section 101(a)(19) is confined in its reference to such aliens as draft evaders, avoiders, or deserters." (1952 U.S. Code, Cong. and Admin. News, p. 1653, 1684.) Also see *Matter of D—E—*, 6 I. & N. Dec. 698. Accordingly, the District Director's finding of statutory ineligibility under section 212(a)(22) will not be upheld.

The applicant, by his own admission, has been convicted of a crime involving moral turpitude, *i.e.*, murder, and is, therefore, excludable under section 212(a)(9) of the Act. The spouse of the applicant is a lawful permanent resident of the United States. Therefore, the requisite relationship exists on which to base an application for waiver of excludability to be considered by the District Director in the exercise of his discretion.

Conceding the possibility of a waiver of the ground of excludability under 212(a)(9) being granted, there still remains the question of admissibility on medical grounds in view of the appli-

167

cant's prior psychiatric treatment. The application will be remanded for further inquiry into the facts and, thereafter, reconsideration by the District Director.

**ORDER:** It is ordered the decision of the District Director be overruled and the case remanded for action not inconsistent with the foregoing.