**Rafael Elias ASSI, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 74-1517

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 19, 1974.

Mario J. Martinez, Anthony C. Aguilar, El Paso, Tex., for petitioner-appellant.

William E. Weinert, Gen. Atty., I. N. S., Oscar Galvan, Atty., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., William

S. Sessions, U. S. Atty., San Antonio, Tex., Rex Young, Gov. Regulation Section, Crim. Div., U. S. Dept. of Justice, Washington, D. C., for respondent-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

We find no error in the denial of the petition for naturalization by the District Court on the ground that appellant Rafael Elias Assi is precluded from citizenship by reason of his request for and relief from military service as a neutral alien under 8 U.S.C.A. § 1426(a):

(a) Notwithstanding the provisions of section 405(b) of this Act, any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States.

Appellant's contention that he did not knowingly and voluntarily waive his rights to United States citizenship fails under Kahook v. Johnson, 273 F.2d 413 (5th Cir. 1960).

It is immaterial whether he fully apprehended what would be the legal result flowing from such request. The result was such as was fixed by law. So long as it is not disputed on the record that he knew the effect of the request, that is that he would acquire an exemption from military duty, it is not necessary that he also know that by obtaining such exemption he was thereafter subjecting himself to the disabilities such action entailed.

*Id.* at 414 (footnote omitted).

Moser v. United States, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729 (1951), is in-

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

applicable. There the appellant asserted the right to military exemption without disqualification from citizenship because of a treaty between the United States and Switzerland. He was advised by the highest authority within the Government to which he could turn that he would not lose his rights to citizenship. The Court found as a fact that had he known otherwise, he would not have claimed the exemption. No such facts are present in this case and our holding in *Kahook* remains the controlling authority in this Circuit.

We have held that a later call to military service when the alien's native country becomes a co-belligerent with the United States, thus losing its neutral status, does not void the disqualification for citizenship that had previously attached. Kahook v. Johnson, *supra; see* Jubran v. United States, 255 F.2d 81 (5th Cir. 1958).

Since Assi requested and received relief from military service on the ground that he was a neutral alien, it is immaterial whether he in fact would have been called to service had he not made such a request. In Astrup v. Immigration & Naturalization Service, 402 U.S. 509, 91 S.Ct. 1583, 29 L.Ed.2d 68 (1971), relied on by appellant, the United States attempted to induct the applicant into the military service in spite of his request for exemption. Assi's call to service did not occur until Syria, his native country, lost its neutral status, which cancelled his exemption. At all times that Assi was eligible for exemption, the United States granted it to him.

Even assuming Assi to have been born on August 10, 1908, instead of in 1917 as indicated at the time he applied for military exemption, he was then thirty-five and eligible for induction. Thus, we do not have to decide whether if he had in fact been too old for military duty, his application would disqualify him for citizenship as set forth In re Wendt, 300 F.Supp. 725 (N.D.Ill.1969), the only other case cited by appellant.

Affirmed.