**In the Matter of the Petition for Naturalization of Luis Mario Adalberto Colombo.**

**Luis Mario Adalberto COLOMBO, Petitioner-Appellee,**

v.

**UNITED STATES of America, Respondent-Appellant.**

**No. 74–1613.**

United States Court of Appeals, Ninth Circuit.

Oct. 14, 1975.

---

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

2. See Local Rule 9.

944

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for respondent-appellant.

Joseph S. Hertogs, Jackson & Hertogs, San Francisco, Cal., for petitioner-appellee.

\* The Honorable Robert J. Kelleher, United States District Judge, sitting by designation.

1. Section 3(a) of the Selective Training and Service Act of 1940 as amended, 55 Stat. 845, provided, in pertinent part, as follows:

"3(a) . . . Provided, That any citizen or subject of a neutral country shall be relieved from liability for training and service under this Act if, prior to his induction into

## OPINION

Before KOELSCH and CHOY, Circuit Judges, and KELLEHER,\* District Judge.

KELLEHER, District Judge:

This is an appeal by the government from an order of the United States District Court finding Luis Mario Adalberto Colombo, a citizen of Argentina, not ineligible for United States citizenship because of his wartime request for and relief from military training and service as a resident alien who was a citizen of a neutral country.

In 1943 under then-existing law, Section 3(a) of the Selective Training and Service Act of 1940, as amended, alien residents of the United States who were citizens of neutral countries could be relieved from liability for military training and service, if prior to induction, they applied for such relief. The consequence of such an application was severe, for under Section 3(a) of the Act, the applicant was thereafter barred from becoming a citizen of the United States.[1]

Knowing the consequences of his application, petitioner Colombo, as a citizen of a neutral country in 1943, applied for and was given an exemption from military training and service. In 1945, Argentina entered the war on the allied side. Subsequently, Colombo was reclassified 1A and processed for induction, but was found over-age, classified 4A and never inducted.

The sole question presented by this appeal is whether an alien who applied for and received exemption from military service in the Armed Forces of the United States as a citizen of a then-neutral country, but who thereafter was processed for induction when his country became a co-belligerent with the United States, is rendered

the land or naval forces, he has made application to be relieved from such liability in the manner prescribed by and in accordance with the rules and regulations prescribed by the President, but any person who makes such application shall thereafter be debarred from becoming a citizen of the United States . . . ."

permanently ineligible for United States citizenship.

Colombo's petition for naturalization was filed pursuant to Section 316 of the Immigration and Nationality Act of 1952, 66 Stat. 242, 8 U.S.C. § 1427. Hence, as the government concedes, Section 315 of the 1952 Act, 8 U.S.C. § 1426,[2] not Section 3(a) of the Selective Training and Service Act of 1940, determines the effect to be given Colombo's application for exemption from military training and service. See *Astrup v. Immigration and Naturalization Service,* 402 U.S. 509, 512, 91 S.Ct. 1583, 1585, 29 L.Ed.2d 68 (1971).

With the passage of 8 U.S.C. § 1426, a resident alien could no longer be barred from citizenship by mere application for exemption. Section 1426 established a two-prong requirement for loss of eligibility for United States citizenship:

> "The alien must be one who 'applies or has applied for exemption or discharge' from military service and 'is or was relieved or discharged' from that service." *Astrup, supra,* 402 U.S. at 512–13, 91 S.Ct. at 1585.

There is no question that Colombo applied for an exemption; the dispute here is over the question of whether he "was relieved or discharged from such training or service on such ground" within the meaning of 8 U.S.C. § 1426.

This case is unlike *Astrup, supra,* upon which Colombo relies. There Astrup, a national of Denmark residing in the United States, in 1950 executed a form applying for exemption from military service on the ground of alienage under Section 4 of the Selective Service Act of 1948, 62 Stat. 605, 50 U.S.C. App. § 454(a) (1946 ed., Supp. III). That statute also provided that "any person who makes such application shall thereafter be debarred from becoming a citizen of the United States". Congress in 1951 stripped Astrup of his military exemption by amendment of the 1948 statute. The Universal Military Training and Service Act, Section 4(a), 65 Stat. 76, 50 U.S.C. App. § 454(a) (1952 ed.). Thereafter the Selective Service system attempted to draft Astrup, but he was found physically unfit. The Supreme Court held that since Congress, by repealing the exemption provisions of the 1948 statute, reneged on its bargain with Astrup, he was not debarred from citizenship. We think that the rule and the rationale of *Astrup* must be limited to its facts. In that case the necessity of interpretation by the Court of the intent of Congress arose not from inherent ambiguity of the statutory language "is or was relieved," but from the conclusion that, on the facts there, Congress could not be understood to have intended to tolerate, and indeed to have participated in, a breach of faith.

Here, however, Colombo applied for and was granted exemption in 1943 from military service on the basis of being a citizen of a neutral country, Argentina. The grant of exemption was on the exact terms requested, viz., to a resident alien of a *neutral* country. It was to be effective for as long as this status remained, viz., alienage of a *neutral* country. As long as Argentina remained a neutral, Colombo was exempted from service, as requested. Nothing that Congress or any agency of the United States government did reneged on any promise to Colombo. His bargain was to be exempted as a neutral. That bargain was kept as long as he was a neutral. *Assi v. United States,* 498 F.2d 1064 (5th Cir. 1974).

Reversed.

### KOELSCH, Circuit Judge (dissenting):

In *Astrup* the Court, indicating that the operation of Section 3(a) of the Selective Service and Training Act was governed by well settled principles of contract law, ruled that the exemption from military service

---

2. Section 1426(a), Title 8, United States Code, provides:

> "Notwithstanding the provisions of section 405(b) of this Act, any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from any training or service on such ground, shall be permanently ineligible to become a citizen of the United States."

granted the resident alien by the United States constituted the *quid* in return for the alien's *quo,* in the form of his permanent ineligibility to become a citizen of the United States.

In the matter before us, the majority hedges the government's promise with implied conditions and limitations for which bases are lacking. Can it be logically contended that the possibility of Argentina's becoming a belligerent on the side of the allied powers was within the contemplation of the parties at the time the exemption was granted? But what particularly troubles me about the decision is its potential for rendering obscure rights which should be clearly defined and beyond question.

The way to do that, I submit, is to apply the section (and its companion) literally.