## In re Minette KANGA, Respondent

### File A29 296 514 - Raleigh

*Decided January 7, 2000*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The phrase "ineligible to citizenship" in section 212(a)(8)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(8)(A) (Supp. II 1996), refers only to those aliens who are barred from naturalization by virtue of their evasion of military service.

(2) An alien convicted of an aggravated felony is not thereby rendered inadmissible under section 212(a)(8)(A) of the Act as an alien who is permanently "ineligible to citizenship."

C. Lynn Calder, Esquire, Falmouth, Massachusetts, Thomas Hutchins, Esquire, Alexandria, Virginia and Mary E. Kramer, Esquire, Miami, Florida, for respondent

George W. Katz, Assistant Regional Counsel, and Grace A. Sease, Assistant District Counsel, for the Immigration and Naturalization Service

Mary A. Kenney, Esquire, San Antonio, Texas, for amicus curiae[1]

Before: Board Panel: SCHMIDT, Chairman; SCIALABBA, Vice Chairman; GRANT, Board Member.

SCIALABBA, Vice Chairman:

In an oral decision dated October 21, 1997, the Immigration Judge found the respondent deportable pursuant to sections 241(a)(1)(B), (2)(A)(ii), and (iii) of the Immigration and Nationality Act, 8 U.S.C. §§ 1251(a)(1)(B), (2)(A)(ii), and (iii) (1994), as an alien who had remained in the United States beyond her authorized stay, had been convicted of two or more crimes involving turpitude, and had been convicted of aggravated felonies, respectively. The respondent sought to apply for adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (1994), and a waiv-

_____

[1]This Board acknowledges with appreciation the thoughtful arguments raised in amicus curiae's brief.

1206

er of inadmissibility under section 212(h) of the Act, 8 U.S.C. § 1182(h) (1994). The Immigration Judge entered a decision pretermitting the section 212(h) application, from which the respondent has appealed. Oral argument was heard in this matter on February 24, 1999. A motion by the Lawyers' Committee for Civil Rights Under Law of Texas and the National Immigration Project of the National Lawyers Guild to file an amicus brief was granted, and that brief has been incorporated into the record of proceedings. The appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

## I. BACKGROUND

### A. Facts

The respondent, a 34-year-old native and citizen of Sierra Leone, was admitted to the United States as a student in October 1986. She failed to maintain her student status after the spring of 1993. The Immigration and Naturalization Service alleged, and the respondent admitted, that she had been convicted in North Carolina of a series of criminal offenses, including withholding a credit card on July 10, 1990; obtaining property by false information on August 30, 1990; unlawful concealment, to wit: larceny and worthless checks on August 30, 1990; larceny on August 30, 1990, June 25, 1992, and November 25, 1992; and four counts of forgery on January 13, 1995. The respondent conceded deportability on each of the grounds charged.[2]

### B. Relief Sought

The respondent is married to a United States citizen. She and her husband have three United States citizen children. During the pendency of proceedings before the Immigration Judge, the respondent's husband filed a visa petition on her behalf, which was approved by the Service. The respondent sought to apply for adjustment of status under section 245 of the Act. *See generally Matter of Alarcon*, 20 I&N Dec. 557, 559 (BIA 1992) (setting forth statutory eligibility requirements for adjustment of status, including lawful admission to the United States, filing an application, eligibility for and availability of an immigrant visa, and admissibility to the United

---

[2]We note that the respondent's theft offenses, for which the sentence was at least 1 year, and her forgery offenses, for which she was sentenced to a term of 10 years, are aggravated felonies under sections 101(a)(43)(G) and (R) of the Act, 8 U.S.C. §§ 1101(a)(43)(G) and (R) (Supp. II 1996).

States). Because the respondent is inadmissible to the United States as a result of her convictions, she requires a waiver of the grounds of inadmissibility under section 212(h) of the Act in order to qualify for adjustment of status as the spouse of a United States citizen. *See Matter of Mendez*, 21 I&N Dec. 296 (BIA 1996); *see also Matter of Michel*, 21 I&N Dec. 1101 (BIA 1998) (holding that an alien who has not previously been admitted to the United States as a lawful permanent resident and who meets the section 212(h) eligibility requirements remains statutorily eligible for a waiver of inadmissibility, despite an aggravated felony conviction).[3]

### C. Immigration Judge's Decision

The Immigration Judge found the respondent deportable as charged based on her admissions. He pretermitted the respondent's application for a section 212(h) waiver of inadmissibility, which was the necessary predicate to her eligibility to apply for adjustment of status.

The Immigration Judge accepted the Service's argument that a section 212(h) waiver would not eliminate the respondent's inadmissibility, in that she would remain inadmissible as an alien "ineligible to citizenship" under section 212(a)(8)(A) of the Act, 8 U.S.C. § 1182(a)(8)(A) (Supp. II 1996), which cannot be waived.

## II. IMMIGRATION AND NATURALIZATION SERVICE'S POSITION

The Service contends that, because the section 212(h) waiver would not operate to waive the ground of inadmissibility under section 212(a)(8)(A) of the Act for aliens who are "permanently ineligible to citizenship," the respondent would remain inadmissible to the United States and therefore ineligible to adjust status.

### A. Grounds of Inadmissibility

The precursor to section 212(a)(8) of the Act was enacted in 1952 as

---

[3]Section 212(h) of the Act waives inadmissibility for, inter alia, conviction of crimes involving moral turpitude and multiple criminal convictions. *See* sections 212(a)(2)(A)(i)(I), (B) of the Act, 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), (B) (Supp. II 1996). However, because the aggravated felony ground of deportability does not have an analogue among the criminal grounds of inadmissibility under section 212(a)(2), an alien convicted of an aggravated felony is not inadmissible as a result of that conviction and, accordingly, requires no waiver on that basis. *See, e.g., Matter of Michel, supra; Matter of Gabryelsky*, 20 I&N Dec. 750 (BIA 1993).

section 212(a)(22) of the Act, 8 U.S.C. § 1182(a)(22) (1952). Former section 212(a)(22) provided that the following classes of aliens were excludable:

> Aliens who are ineligible to citizenship, except aliens seeking to enter as nonimmigrants; or persons who have departed from or who have remained outside the United States to avoid or evade training or service in the armed forces in time of war or a period declared by the President to be a national emergency, except aliens who were at the time of such departure nonimmigrant aliens and who seek to reenter the United States as nonimmigrants.

Legal precedent interpreting former section 212(a)(22) and the legislative history regarding its enactment confirm that, as a ground of inadmissibility, this section pertained to alien military service evaders. *See Matter of Martin-Arencibia,* 13 I&N Dec. 166, 167 (R.C. 1969) (holding that an adjustment applicant's ineligibility for citizenship resulting from his inability to establish good moral character did not render him inadmissible under section 212(a)(22), which was "'confined in its reference to such aliens as draft evaders, avoiders, or deserters'" (quoting 1952 U.S.C.C.A.N. 1653, 1684)).

Congress amended former section 212(a)(22) in 1990, recodifying it as section 212(a)(8), dividing it into subsections (A) and (B), and adding the word "permanently" before the phrase "ineligible to citizenship." *See* Immigration Act of 1990, Pub. L. No. 101-649, § 601(a), 104 Stat. 4978, 5074 ("1990 amendments"). The legislative history relating to the Immigration Act of 1990 does not address the amendments to former section 212(a)(22).

Section 212(a)(8) of the Act currently provides:

> (A) IN GENERAL.—Any immigrant who is permanently ineligible to citizenship is inadmissible.

> (B) DRAFT EVADERS.—Any person who has departed from or who has remained outside the United States to avoid or evade training or service in the armed forces in time of war or a period declared by the President to be a national emergency is inadmissible, except that this subparagraph shall not apply to an alien who at the time of such departure was a nonimmigrant and who is seeking to reenter the United States as a nonimmigrant.

The Service argues in its brief that the amendment of former section 212(a)(22) in 1990 eliminated the nexus to military service with respect to section 212(a)(8)(A). Under the Service's interpretation, an alien who is permanently "ineligible to citizenship" for any reason is inadmissible.

### B. "Ineligible to Citizenship"

The Service combines several statutory provisions to conclude that an alien convicted of an aggravated felony is thereby permanently "ineligible to citizenship" under section 212(a)(8)(A) of the Act. This analysis begins

with the proposition that an alien who cannot establish good moral character within the meaning of the Act is not eligible to naturalize.

Section 316(a) of the Act, 8 U.S.C. § 1427(a) (Supp. II 1996), which sets forth the statutory requirements for aliens to become naturalized United States citizens, provides, in pertinent part, as follows:

> No person, except as otherwise provided in this title [subchapter], shall be naturalized, unless such applicant . . . (3) during all the periods referred to in this subsection has been and still is a person of good moral character . . . .

Section 101(f)(8) of the Act, 8 U.S.C. § 1101(f)(8) (1994), precludes a finding of good moral character for "one who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43))." Thus, aliens, such as the respondent, who have been convicted of an aggravated felony cannot establish good moral character under section 101(f)(8) of the Act.

The Service links the ineligibility of aggravated felons to be naturalized under section 316(a)(3) of the Act to the bar to inadmissibility under section 212(a)(8) through the statutory definition of the term "ineligible to citizenship" at section 101(a)(19) of the Act, 8 U.S.C. § 1101(a)(19) (1994), which states:

> The term "ineligible to citizenship," when used in reference to any individual, means, notwithstanding the provisions of any treaty relating to military service, an individual who is, or was at any time, permanently debarred from becoming a citizen of the United States under section 3(a) of the Selective Training and Service Act of 1940, as amended (54 Stat. 885; 55 Stat. 844), or under section 4(a) of the Selective Service Act of 1948, as amended (62 Stat. 605; 65 Stat. 76) 50 U.S.C. App. 454, or *under any section of this Act, or any other Act*, or under any law amendatory of, supplementary to, or in substitution for, any of such sections or Acts. (Emphasis added.)

Because this section defines a person who is "ineligible to citizenship" as anyone who is barred from becoming a citizen "under any section of this Act, or any other Act," the Service contends that an alien barred from naturalization as a result of a conviction for an aggravated felony falls within the statutory definition of one who is "ineligible to citizenship."

### III. RESPONDENT'S POSITION

The respondent relies on the same statutory provisions to reach the opposite conclusion. The respondent supports her argument with case law and legislative history. These sources reflect that the phrase "ineligible to citizenship" in section 101(a)(19) of the Act, as well as in other sections of the Act, has been confined solely to the context of military service evasion, including draft evaders or avoiders and deserters. The respondent asserts that these provisions must be understood in the context through which they

evolved, within the statute as a whole, and in accordance with case law interpreting the statutory predecessor to section 212(a)(8)(A) of the Act.

The respondent begins her analysis by looking at the phrase "ineligible to citizenship" within the meaning of the Act. According to the respondent, the phrase "ineligible to citizenship" refers to sections 314 and 315 of the Act, 8 U.S.C. §§ 1425 and 1426 (1994). Section 314 covers persons who have evaded military service during a war through desertion from active duty, departure from the jurisdiction of enlistment after enrolling, or departure from the United States with the intent to avoid military service. Under section 314, such a person is "permanently ineligible to become a citizen of the United States."

Section 315 of the Act applies to aliens who have sought an exemption from military service based on alienage. Under section 315(a), any alien who seeks the exemption on this basis "shall be permanently ineligible to become a citizen of the United States."

The respondent asserts that, under section 212(a)(8)(B), aliens who have evaded the draft by departing from or remaining outside the United States to avoid military service during a time of war, as set forth in section 314 of the Act, are "permanently ineligible to citizenship." According to the respondent, section 212(a)(8)(A) applies to the other categories of military service evaders under sections 314 and 315 of the Act, i.e., aliens who have deserted from active duty during a war, departed their local jurisdiction after enlistment, or applied for a military service exemption based on alienage.

The respondent notes that the phrase "ineligible to citizenship," as defined in section 101(a)(19) of the Act, antedates the aggravated felony provisions, which first appeared in the Act in 1988. She therefore argues that the phrase was not designed to comprehend the aggravated felony definition. With the exception of a minor technical revision, section 101(a)(19) has remained the same since its enactment in 1952 and has not been expanded in scope. The legislative history pertaining to the enactment of section 101(a)(19) and case law interpreting this provision make clear that its applicability is limited to the military service arena. *See Matter of Martin-Arencibia, supra.*

As the respondent points out, the aggravated felony provisions, on the other hand, have been extensively amended since 1988. Yet Congress, after establishing an aggravated felony ground of deportability and thereafter modifying the aggravated felony definition in 1990, 1991, 1994, and 1996, has never established a criminal ground of inadmissibility for aggravated felons under section 212(a)(2) of the Act. The respondent observes that any prohibition against admissibility for aggravated felons would logically be codified with the criminal grounds of inadmissibility.

The respondent interprets section 212(a)(8) to be a ground of inadmissibility for military service evaders, as defined in sections 314 and 315 of the Act, which proscribe naturalization for these aliens. She does not attrib-

ute any substantive significance to the 1990 amendments that would alter the traditional and settled interpretation of the phrase "ineligible to citizenship."

Finally, the respondent notes that our recent precedent decisions recognize that aliens who are not lawful permanent residents and who would otherwise qualify to apply for a section 212(h) waiver are not ineligible on the basis of an aggravated felony conviction. *Matter of Ayala*, 22 I&N Dec. 398 (BIA 1998); *Matter of Michel, supra*. She asserts that, in order to accept the Service's position, we would have to overrule our interpretation of section 212(h) as set forth in these precedent decisions.

## IV. ANALYSIS

We agree with the respondent that the legislative and interpretative underpinnings of sections 101(a)(19), 212(a)(8), 314, and 315 of the Act support the conclusion that, within the meaning of the Act, the phrase "ineligible to citizenship" refers to military service evasion. This conclusion is buttressed by reference to other statutory provisions that would be rendered superfluous under the Service's theory. In particular, the distinction drawn between lawful permanent residents and aliens who have not been admitted for lawful permanent residence in section 212(h), as we have interpreted its recent amendment, would be meaningless were we to adopt the Service's position. *See Matter of Ayala, supra; Matter of Michel, supra.* Moreover, the Service's reading would also require us to modify our precedent decision in *Matter of Fuentes-Campos*, 21 I&N Dec. 905 (BIA 1997). *Matter of Fuentes-Campos* holds that an alien who is deportable under specified criminal grounds, including those relating to an aggravated felony, can apply for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994). Under *Fuentes-Campos*, an alien charged with inadmissibility on the basis of a conviction for a controlled substance violation that also constitutes an aggravated felony can apply for a section 212(c) waiver of the controlled substance ground of inadmissibility and, if successful, be admitted to the United States. If we follow the Service's position, however, such an alien could not be admitted because he would remain inadmissible under section 212(a)(8)(A) of the Act.

Similarly, the provisions relating to the inadmissibility of aliens who have been removed on aggravated felony grounds under sections 212(a)(9)(A)(i) and (ii) of the Act would be without significance under the Service's view. These specify, inter alia, that an alien who has been ordered removed as an aggravated felon is inadmissible. It is significant that Congress conditioned the bar to admissibility for an aggravated felony conviction upon the alien's prior removal on that basis. Furthermore, an alien who has been removed for having been convicted of an aggravated felony

can obtain a waiver of inadmissibility under section 212(a)(9)(A)(iii) of the Act by obtaining the consent of the Attorney General.

Were we to accept the Service's position, these statutory provisions would be rendered ineffective. In *Matter of Michel*, *supra*, we explained that our interpretation of section 212(h), as it was amended in 1996, derived from the plain language of that statutory provision. *See, e.g., INS v. Cardoza-Fonseca,* 480 U.S. 421, 431 (1987) (stating that the clearest indicator of congressional intent is the plain meaning of the words used in the statute taken as a whole). Although it does not apply to this respondent, the plain language of section 212(a)(9)(A) also contemplates the inadmissibility of an alien who has been previously removed under the aggravated felony grounds of deportability and clearly provides an exception to inadmissibility. Yet the Service's interpretation would render any alien convicted of an aggravated felony, in any posture, inadmissible, without waiver or exception.

The Service arrives at a plain language result only by weaving together several sections from different portions of the statute. While it is axiomatic that a statute is to be read as a whole, the interpretation that the Service achieves by combining several sections is strained and circular. This is particularly true when the logical and direct way for Congress to achieve the result that the Service urges us to find, by way of statutory interpretation, would have been to include a conviction for an aggravated felony among the other criminal grounds of inadmissibility under section 212(a)(2) of the Act. It strains the boundaries of permissible statutory interpretation to conclude that Congress would have chosen to make this fundamental change through such indirect means, particularly in the context of the amendments made to the Act in 1996, which included significant changes, both to the definition of an aggravated felony and to the immigration consequences of having been convicted of such an offense.[4] Nothing in the legislative history of these amendments indicates such an intent. Nor should we assume that Congress would so veil a major change in the law.

Our holding carries forward the historical legislative and judicial treatment of the term "ineligible to citizenship." The bars to admission based on ineligibility for citizenship have always been linked to the prohibitions on naturalization established by sections 314 and 315 of the Act,

---

[4]Two landmark pieces of legislation in 1996 made sweeping changes to the Immigration and Nationality Act, including expansion of both the aggravated felony definition itself and the scope of the immigration consequences emanating from an aggravated felony conviction. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"); Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").

which prevent alien military service evaders from naturalizing. *See, e.g., Astrup v. INS,* 402 U.S. 509 (1971) (holding that an alien who requests exemption from military service has relinquished all claims to naturalization under section 315 of the Act only when the Government completely and permanently exempts him from service in the armed forces); *Gramaglia v. United States*, 766 F.2d 88 (2d Cir. 1985); *Colombo v. United States*, 531 F.2d 943 (9th Cir. 1975); *Assi v. United States*, 498 F.2d 1064 (5th Cir. 1974).

Relevant case law has consistently discussed section 101(a)(19) of the Act with respect to military service and with reference to sections 314 and 315 of the Act. *See, e.g., Matter of Martin-Arencibia, supra; Matter of Z-, 6 I&N Dec. 766 (BIA 1955) (holding that an alien who obtained exemption from military service based on alienage is permanently debarred from citizenship under section 315 of the Act and also falls within the provisions of sections 101(a)(19) and 212(a)(22) of the Act); *Matter of B-M-,* 6 I&N Dec. 756 (BIA 1955) (holding that an alien who deserted the armed forces during the Korean conflict is excludable under section 212(a)(22) of the Act as an alien "ineligible to citizenship" within the definitions contained in sections 101(a)(19) and 314 of the Act); *see also Matter of Mincheff*, 13 I&N Dec. 715 (BIA 1970, 1971) (holding that an alien who failed to obtain exemption from military service because of alienage is not inadmissible under section 212(a)(22) because he was not "ineligible to citizenship" under section 315 of the Act); *Matter of Riva*, 13 I&N Dec. 268 (BIA 1969) (holding that an alien who departed the United States to avoid the draft is inadmissible under section 212(a)(22) of the Act). We note in particular *Matter of Martin-Arencibia, supra,* where the Service's regional commissioner held that a murder conviction did not preclude an alien from establishing eligibility for adjustment of status because of inadmissibility under section 212(a)(22). He concluded that the alien was not "ineligible to citizenship" within the meaning of sections 101(a)(19) and 212(a)(22) as a result of his permanent inability to establish the requisite good moral character for naturalization. In so holding, the regional commissioner rejected reasoning similar to that advanced by the Service in this case.

The decisions cited above were all rendered prior to the amendments to section 212(a) of the Act brought about by the Immigration Act of 1990. Nonetheless, we find nothing in the 1990 amendments to persuade us that Congress altered the longstanding meaning of the phrase "ineligible to citizenship" as conveyed by the statute and interpreted in the case law. Section 212(a)(8) remains consistent with the statutory scheme established to bar military service evaders from naturalization by excluding such individuals from the United States.

## V. CONCLUSION

1214

We conclude that the phrase "ineligible to citizenship" in section 212(a)(8)(A) of the Act refers only to those aliens who are barred from naturalization as a result of their military service evasion. We therefore hold that an alien convicted of an aggravated felony is not thereby rendered inadmissible under section 212(a)(8)(A) of the Act as an alien who is permanently "ineligible to citizenship." The respondent's appeal of the Immigration Judge's decision will be sustained, and the record will be remanded to the Immigration Court for further proceedings on the issues of the respondent's eligibility for a waiver of inadmissibility under section 212(h) and for adjustment of status under section 245(a).

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's order of October 21, 1997, is vacated, and the record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion.